## W. B. STROWGER v. E. C. SAMPLE.

1. VERDICT — *Reception, Not Error.* In a civil action, it is not error for a trial court to receive the verdict of the jury in the voluntary absence of the parties and their attorneys, while the court is in regular session.

2. REMARKS OF COUNSEL — *Affidavit Treated as Deposition of Absent Witness.* In a civil action, where counsel, in his argument to the jury, says of an affidavit for continuance, "This is not the evidence of the absent witness. It is only what the affiant swears the absent witness would testify to if here," and he is immediately called to order by the court, and the jury are immediately instructed that counsel is wrong, that the affidavit must be treated as the deposition of the absent witness, and it also appears from the record that other witnesses testified on both sides of the case upon the same subject-matter to which the affidavit to be treated as the deposition of the absent witness related, *held,* not error sufficient to reverse.

*Error from Butler District Court.*

A STATEMENT of the case is in the opinion.

*T. A. Kramer,* and *E. N. Smith,* for plaintiff in error.

*Aikman & Brooks,* for defendant in error.

Opinion by STRANG, C.: Action on contract, begun August 12, 1887, before a justice of the peace of Butler county, Kan-

sas.   Plaintiff below claimed a balance due him from the defendant upon a contract for work — drilling wells — at a stipulated share of the proceeds received for drilling the wells. Plaintiff alleged he was to work for the defendant, himself furnish a man and two teams to operate the well drills, and to receive as compensation for such services one-third the net proceeds from the wells drilled, and claims a balance due him of $161.79.   August 25, 1887, the case was tried before the justice, who rendered a judgment for the plaintiff for the amount of his claim and costs.   The defendant appealed to the district court, where, on the 23d day of April, 1888, after all the motions and pleadings known to the practice were exhausted, the case came to trial on a bill of particulars, making a claim on part of the plaintiff in substance as above stated, and an answer by the defendant, setting up that the plaintiff and he were partners in the business of drilling wells; that the partnership had never been settled, and there were outstanding partnership accounts uncollected which would render it impossible in the present action to ascertain how much was due either the plaintiff or defendant as between themselves. The jury found for the plaintiff, returning as their verdict the same amount as the judgment of the justice, $161.79. The jury made special findings of fact against the partnership theory of the defendant, and in favor of the claim of the plaintiff below, that he was at work for the defendant below for one-third of the net proceeds of the wells drilled, and they also made other findings necessary to support their general verdict.

There are many errors discussed in the brief of the plaintiff in this case, most of which we think are eliminated by the findings of the jury.   We have examined the instructions of the court, and fail to find any error therein that would justify a reversal of this case.   That being true, we think all the errors assigned growing out of the questions relating to the jurisdiction of the court, and all others depending upon the question of partnership, are taken out of the case by the finding of the jury that no partnership existed between the plain-

tiff and the defendant, but that on the other hand the plaintiff worked for the defendant by himself and with his teams and son, and was to have one-third of the net proceeds from the wells drilled as compensation for the labor so performed. We think this question of partnership was fairly submitted by the court to the jury, and that the findings of the jury thereon are supported by the evidence. Indeed, it seems to be supported by a preponderance of the evidence.

The plaintiff argues that the failure of the jury to answer all the questions submitted by the defendant below, to them, was error. The defendant made no application to the court to require the jury to make any other or further answers to their questions, and no objection to the reception of either the general verdict or the special findings of the jury, but relied upon his subsequent motions for judgment upon the findings notwithstanding the general verdict and for a new trial. We do not think the defendant is in a position, on the record here, to urge this objection; and besides, an examination of all the findings satisfies us that if the failure to answer should be treated as counsel treats it, that is, as a negative answer, there would not exist anything so far as this question is concerned that would reverse this case.

It is claimed that the case should be reversed because of the misconduct of the attorney of the plaintiff in connection with the deposition of Burnham. For his remark in relation to Burnham's deposition, the attorney was at once called to order and reprimanded by the court, and the court instructed the jury not to consider the statement of counsel in relation to the deposition, but to treat the affidavit as the deposition of Mr. Burnham. Under the circumstances, we do not think the matter could have prejudiced the jury. The counsel was immediately called to order, and the jury was immediately instructed by the court that counsel was wrong; that the affidavit was to be considered as the deposition of Burnham. Besides, there was evidence from other witnesses on both sides of the case on the question to which Burnham's evidence related. Several witnesses, including the defendant, testified

thereon. The jury may have considered the affidavit of Mr. Burnham as his deposition, untainted or unimpeached in any degree by the remark of counsel, and yet have found as they did upon the question to which Burnham's evidence related.

It is argued that a new trial should be granted because at the time the verdict was received the defendant below and his attorneys were absent from the court-room. But it appears the court was in session, the judge and clerk thereof were present, and there is no showing that defendant was in any way prejudiced by reason of not being present. We do not think it necessary in a civil case that the judge should send for the defendant or his counsel before receiving a verdict; nor do we think the court should delay or embarrass the business of the court by waiting until a party in a civil case comes into court before receiving a verdict. If he wants to be present, he must attend the sessions of the court. We fail to find any reversible error in the record in this case, and therefore recommend that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.